JUSTICE COTTER
concurs.
¶34 I concur in the result reached by this Court. I offer the following additional grounds for that result.
¶35 USAA argues that, because its insurance policy did not extend coverage for breach of contract claims, there was no need for it to list an exclusion in the policy to that effect. USAA also relies upon our decision in Daly Ditches Irr. v. National Sur. Corp., 234 Mont. 537, 764 P.2d 1276 (1988) for the premise that the policy terms “bodily injury” and “property damage” are unambiguous, and clearly exclude what it terms the “breach of contract” claim presented here. I would conclude that Daly Ditches supports the result reached by the Court in this case, rather than the result urged by USAA.
*182 ¶36 In Daly Ditches, Daly’s former employee sued Daly for breach of the covenant of good faith and fair dealing and for wrongful discharge from employment. Daly tendered the suit to Surety. When Surety refused to defend, Daly filed suit. Surety’s policy provided coverage for “bodily injury or property damage ... caused by an occurrence ....’’Daly Ditches, 234 Mont. at 538, 764 P.2d at 1277. The policy went on to define “occurrence” as “an accident... which results in bodily injury or property damage ....’’Daly Ditches, 234 Mont, at 538, 764 P.2d at 1277. The District Court entered judgment in favor of the insurer, concluding that the claims stated by Daly’s employees did not arise out of an “occurrence.” Daly Ditches, 234 Mont. at 539, 764 P.2d at 1277. ¶37 On appeal, we concluded that where the terms of an insurance contract are not ambiguous, we will enforce the terms of the policy as written. We affirmed the District Court’s conclusion that the claims of wrongful discharge and breach of the covenant of good faith and fair dealing clearly fell outside the policy’s definition of “an occurrence.” Daly Ditches, 234 Mont. at 539, 764 P.2d at 1277.
¶38 Here, by contrast, the USAA policy provides:
We will pay damages for bodily injury... for which any covered person becomes legally responsible because of an auto accident.
Unlike in Daly Ditches, the USAA policy obligating the insurer to pay damages for bodily injury is not tied to the existence of “an occurrence,” defined as "an accident.” Rather, the policy provides it will pay damages for bodily injury for which a covered person becomes “legally responsible because of an auto accident.” Moreover, the policy does not define or limit the circumstances which can result in that legal responsibility.
¶39 I agree with USAA’s argument that, where an insurance policy clearly does not extend coverage for certain claims, there is no need for the insurer to also provide an exclusion to that effect. In this case, though, the insuring language in the USAA policy is ambiguous. The phrase that imposes an obligation to pay for bodily injury damages for which an insured “becomes legally responsible because of an auto accident” can be reasonably construed as USAA would have it, or as Lee and Hoss would have it. This being so, we must interpret the ambiguity in favor of the insured, and resolve doubts as to coverage against the insurer. Mitchell v. State Farm Ins. Co., 2003 MT 102, ¶ 26, 315 Mont. 281, ¶ 26, 68 P.3d 703, ¶ 26 (citation omitted). When we follow this well-established rule of interpretation of insurance contracts, the result reached by the Court is the correct one. I would affirm on this basis.